IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KENNETH MARTENSEN and DALE MARTENSEN, | ) ) ) | 8:18CV126 |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | MEMORANDUM AND ORDER |
| LYNDA R. BOWEN and DANIEL A. FULLER, | ) ) ) ) | |
| Defendants. | ) | |

Plaintiffs filed their pro se Complaint on March 22, 2018 (Filing No. 1), and were granted leave to proceed in forma pauperis on April 3, 2018 (Filing No. 5). The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiffs each claim to own a 1/3 interest in a farm located in Platte County, Nebraska, by the terms of their mother's will, which was probated in 1996. Their sister, Defendant Lynda Bowen, allegedly inherited the remaining 1/3 interest, but apparently claims full ownership. Plaintiffs also allege that Defendant Daniel Fuller served them with a notice to quit the property.

## II. APPLICABLE STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that

fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION OF CLAIM

Although Plaintiffs style their pleading as a "criminal complaint," private citizens cannot prosecute criminal actions. *In re Higgins*, No. 8:15-CV-103, 2015 WL 1651424, at *1 (D. Neb. Mar. 23, 2015). The prosecution of criminal actions in the federal courts is a matter solely within the discretion of the Attorney General of the United States and duly authorized United States Attorneys. *Id.* (citing cases).

Plaintiff's Complaint also references a "civil rights violation," but no facts are alleged to establish such a violation. Civil rights actions in federal court can be brought pursuant to 42 U.S.C. § 1983. But to state a claim under that section, a plaintiff must allege a violation of rights protected by the United States Constitution

or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law.[1] *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). Plaintiff's Complaint fails on both counts. Thus, the court cannot exercise "federal question" jurisdiction in this case. *See* 28 U.S.C. § 1331.

Federal district courts may also exercise "diversity of citizenship" jurisdiction under 28 U.S.C. § 1332, but the state citizenship of each plaintiff must be different from the state citizenship of each defendant. *Ryan v. Schneider Nat'l. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). In this case, Plaintiffs and their sister all reside in Nebraska, which presumably is also the state where each of them are citizens. In addition, the amount in controversy for "diversity of citizenship" jurisdiction must be greater than $75,000.00. 28 U.S.C. § 1332(a). Plaintiffs's allegations do not indicate the amount in controversy.

Finally, even if subject-matter were to exist in this case, Plaintiffs' Complaint does not contain "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The court is unable to determine from the allegations of the Complaint that Plaintiffs might be entitled to obtain relief of any kind from Defendants under any possible theory of recovery.

## IV. CONCLUSION

Plaintiffs' Complaint fails to show that the court has subject-matter jurisdiction and also fails to state a claim upon which relief may be granted. On its own motion, however, the court will give Plaintiffs 30 days to file an Amended Complaint.

---

[1] "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West*, 487 U.S. at 49 (internal quotation marks and citation omitted).

IT IS THEREFORE ORDERED:

1.	Plaintiffs will have 30 days in which to file an Amended Complaint that shows the court has subject-matter jurisdiction (either "federal question" or "diversity of citizenship" jurisdiction) and that contains sufficient facts to state a claim upon which relief can be granted in favor of Plaintiffs and against Defendants.

2.	Plaintiff's failure to file an Amended Complaint in accordance with this Memorandum and Order will result in dismissal of this action without further notice.

3.	The clerk's office is directed to set a pro se case management deadline using the following text: May 9, 2018: check for amended complaint.

DATED this 9th day of April, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge